IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GINGER L. HUGHES,

        Plaintiff,                 No. CIV S-11-1777 JAM EFB PS

        vs.

OCWEN LOAN SERVICING, et al.,

        Defendants.            ORDER TO SHOW CAUSE

_____/

       This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On July 6, 2011, defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Bravo Mortgage Asset Trust 2006-1, Bravo Mortgage Asset Backed Pass-Through Certificates, Series 2006-1, removed the action to this court from Yuba County Superior Court on the ground that plaintiff's complaint alleges federal claims, and on July 12, 2011, moved to dismiss plaintiff's complaint.  Dckt. Nos. 2, 8.  Defendants noticed the motion to be heard on August 17, 2011.

       Court records reflect that plaintiff has not filed either an opposition or a statement of non-opposition to the motion.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and

1

filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by August 3, 2011.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor).

Accordingly, IT IS HEREBY ORDERED that:

1.  The hearing on defendants' motion to dismiss, Dckt. No. 8, is continued to September 28, 2011.

2.  Plaintiff shall show cause, in writing, no later than September 14, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3.  Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than September 14, 2011.

4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

////

1       5.  Defendants may file a reply to plaintiff's opposition, if any, on or before September

2  21, 2011.

3       SO ORDERED.

4  DATED:  August 9, 2011.

                             EDMUND F. BRENNAN
                             UNITED STATES MAGISTRATE JUDGE