1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GINGER L. HUGHES,

11              Plaintiff,                    No. CIV S-11-1777 JAM EFB PS

12        vs.

13   OCWEN LOAN SERVICING, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On July 6,

18   2011, defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc.,

19   and Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Bravo

20   Mortgage Asset Trust 2006-1, Bravo Mortgage Asset Backed Pass-Through Certificates, Series

21   2006-1, removed the action to this court from Yuba County Superior Court on the ground that

22   plaintiff's complaint alleges federal claims, and on July 12, 2011, moved to dismiss plaintiff's

23   complaint.  Dckt. Nos. 2, 8.  Defendants noticed the motion to be heard on August 17, 2011.

24        On August 9, 2011, because plaintiff had not filed either an opposition or a statement of

25   non-opposition to the motion, the undersigned continued the hearing on the motion to September

26   28, 2011; ordered plaintiff to show cause, in writing, no later than September 14, 2011, why

1

1    sanctions should not be imposed for failure to timely file an opposition or a statement of non-

2    opposition to the pending motion; and directed plaintiff to file an opposition to the motion, or a

3    statement of non-opposition thereto, no later than September 14, 2011.  Dckt. No. 10.

4         On September 14, 2011, plaintiff filed an opposition to defendants' motion to dismiss,

5    along with a motion to amend her complaint.[1]  Dckt. No. 11.  Plaintiff contends that her

6    complaint is not barred by res judicata as to all of the defendants, and that she "will amend the

7    complaint stating the causes of action and to whom they apply . . . ."  *Id.* at 2.

8         On September 15, 2011, defendants filed a reply to plaintiff's opposition.  Dckt. No. 12.

9    Defendants contend that plaintiff's opposition does not address the deficiencies in her complaint,

10   as argued in the motion to dismiss, including the fact that her complaint is barred by res judicata.

11   *Id.* at 2.  Defendants argue that plaintiff's motion to amend is her "latest attempt to frivolously

12   re-litigate the foreclosure process" and that "amendment is unwarranted in this matter."  *Id.*

13        Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

14   within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading

15   is required, 21 days after service of a responsive pleading or 21 days after service of a motion

16   under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2)

17   provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's

18   written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Because more than 21 days has

19   passed since plaintiff served her original complaint and since defendants moved to dismiss that

20   complaint, plaintiff needs leave of court to file an amended complaint.

21        Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so

22   requires."  *Id.*  The policy of freely granting leave to amend should be applied with "extreme

23   liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When

24

25        [1] Plaintiff also responded to the order to show cause by noting that she first learned of
     defendants' motion to dismiss when she received the order to show cause on August 9, 2011.
26   Dckt. No. 11 at 1.

2

determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv*., 87 F.3d 339, 343 (9th Cir. 1996).

Here, this case was removed to this court on July 6, 2011. Although plaintiff initially failed to timely file an opposition to defendants' motion to dismiss, plaintiff contends that she did not learn of that motion until she received this court's order to show cause on August 9, 2011. Dckt. No. 11 at 1. Upon receiving that order to show cause, plaintiff timely moved to amend her complaint. Therefore, the court cannot say that there has been "undue delay" by plaintiff. Nor is there any indication that plaintiff, who is appearing *pro se*, has made the request for leave to amend in bad faith. Further, the court cannot say at this time that amendment would be futile, and although defendants have already moved to dismiss plaintiff's amended complaint, the arguments made in support of defendants' motion to dismiss plaintiff's original complaint can presumably be made in a motion to dismiss plaintiff's amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants have not carried this burden. Accordingly, plaintiff's request to file an amended complaint will be granted. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

Because plaintiff will be filing an amended complaint, defendants' motion to dismiss plaintiff's original complaint is denied as moot. Once filed, the amended complaint will supersede the earlier complaint which defendants have moved to dismiss, rendering the earlier

complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. The August 9, 2011 order to show cause is discharged;

2. Plaintiff's motion for leave to file an amended complaint, Dckt. No. 11, is granted;

3. Plaintiff has until October 17, 2011 to file an amended complaint;

4. Defendants shall file a response to plaintiff's amended complaint within fourteen days from the date an amended complaint is filed;

5. Defendants' motion to dismiss, Dckt. No. 8, is denied without prejudice;

6. The status (pretrial scheduling) conference currently set for hearing on November 16, 2011, is continued to January 18, 2012; and

7. The parties shall file status reports, as provided in the July 6, 2011 order, no later than January 4, 2012.

SO ORDERED.

Dated:  September 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE